UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff(s),<br><br>　v.<br><br>TARA MAZZEO,<br><br>　　　　　　　Defendant(s). | Case No. 2:12-CR-337 JCM (CWH)<br><br>ORDER |

　　　Presently before the court is petitioner Tara Mazzeo's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 55). The government filed a response (ECF No. 71), to which petitioner replied (ECF No. 85).

　　　On February 26, 2013, a jury verdict was entered finding petitioner guilty on counts one and three of the indictment (ECF No. 1). (ECF No. 30). On September 5, 2013, the court sentenced petitioner to five (5) years probation per count to run concurrently with special conditions. (ECF No. 42). Judgment was entered on September 9, 2013. (ECF No. 43).

　　　On September 9, 2013, petitioner filed a notice of appeal. (ECF No. 44). The Ninth Circuit affirmed the district court on January 23, 2015 (ECF No. 49), and the order on mandate affirming the district court's judgment was entered on April 7, 2015 (ECF No. 52).

　　　In the instant motion, petitioner moves to vacate arguing ineffective legal counsel. (ECF No. 55).

　　　Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a

**James C. Mahan**
**U.S. District Judge**

complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

Petitioner asserts that the instant motion is timely pursuant to § 2255(f)(1). (ECF No. 55 at 5). The court disagrees.

Motions to vacate a sentence pursuant to § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). The one-year period runs from the latest of—

(1) the date on which the judgment of conviction becomes final;

. . .

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. . . .

28 U.S.C. § 2255(f).

Judgment of conviction was entered on September 9, 2013 (ECF No. 43), and the order on mandate affirming the district court's judgment was entered on April 7, 2015 (ECF No. 52). Petitioner filed the instant motion over a year later on April 18, 2016. (ECF No. 55).

Accordingly, petitioner's § 2255 motion will be denied as time-barred by the statute of limitations.

Further, the court declines to issue a certificate of appealability. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

**James C. Mahan**
**U.S. District Judge**

- 2 -

> (c)
> > (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> > > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> > > (B) the final order in a proceeding under section 2255.
> > (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> > (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

Under § 2253, the court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that movant is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the court declines to issue a certificate of appealability.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner Tara Mazzeo's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 55) be, and the same hereby is, DENIED.

DATED March 23, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -