UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>TARA MAZZEO,<br><br>Defendant(s). | Case No. 2:12-CR-337 JCM (CWH)<br><br>ORDER |

Presently before the court is petitioner Tara Mazzeo's unopposed motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 111). The government filed a non-opposition response. (ECF No. 112).

Also before the court is petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 55). The government filed a response (ECF No. 71), to which petitioner replied (ECF No. 85).

As an initial matter, the court grants petitioner's motion to alter or amend the court's order (ECF No. 110) entered on March 23, 2017. (ECF No. 111). In the court's March 23rd order, the court denied petitioner's 2255 motion as untimely. (ECF No. 11). Upon reconsideration, the court finds petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 55) to be timely. Accordingly, the court will consider petitioner's 2255 motion on the merits.

**I.   Background**

On September 18, 2012, the federal grand jury returned an indictment charging petitioner with three counts of making false statements in violation of 18 U.S.C. § 1001. (ECF No. 1).

**James C. Mahan**
**U.S. District Judge**

Petitioner proceeded to trial, and on February 26, 2013, a jury verdict was entered finding petitioner guilty on counts one and three of the indictment. (ECF No. 30).

At the close of evidence, the court instructed the jury that to prove petitioner acted "willfully," the government must prove that she acted "deliberately and with knowledge that the statement was untrue[,]" but it was not necessary for the government to prove that she "had an evil intent." (ECF No. 40 at 158). Petitioner did not object to this instruction. (ECF No. 40 at 149).

On September 5, 2013, the court sentenced petitioner to five (5) years probation per count to run concurrently with special conditions. (ECF No. 42). Judgment was entered on September 9, 2013. (ECF No. 43).

On September 9, 2013, petitioner filed a notice of appeal. (ECF No. 44). The Ninth Circuit affirmed the district court on January 23, 2015 (ECF No. 49), and denied petitioner's petition for rehearing *en banc* on March 20, 2015. The order on mandate affirming the district court's judgment was entered on April 7, 2015. (ECF No. 52).

In the instant motion, petitioner moves to vacate arguing ineffective legal counsel based on trial counsel's failure to object to the jury instructions. (ECF No. 55).

**II.     Legal Standard**

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

"When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition."

**James C. Mahan**
**U.S. District Judge**

- 2 -

*United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000). Further, "[i]f a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so," the defendant is in procedural default. *Johnson*, 988 F.2d at 945; *see also Bousley v. United States*, 523 U.S. 614, 622 (1998).

Defendants who fail to raise an issue on direct appeal may later challenge the issue under § 2255 only if they demonstrate: (1) sufficient cause for the default; and (2) prejudice resulting from it. *See Bousley*, 523 U.S. at 622. The "cause and prejudice" exception revives only defaulted constitutional claims, not nonconstitutional sentencing errors. *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994).

Further, ineffective assistance of counsel claims are an exception to procedural default, since the trial record is often inadequate for the purpose of bringing these claims on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *see also id.* at 509 ("[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255.").

Because ineffective assistance claims are excepted from the procedural default rules, the court finds it appropriate to consider petitioner's claims on the merits.

**III.    Discussion**

In the instant motion, petitioner argues that trial counsel, Charles Kelly, Esq. ("trial counsel"), violated her Sixth Amendment right to effective counsel at trial by failing to challenge the court's jury instructions regarding the proper definitions of the word "willful" set forth in 18 U.S.C. § 1001 and proffering a jury instruction consistent with the Supreme Court's definition of the word "willful" set forth in *United States v. Bryan*, 524 U.S. 184 (1998). (ECF No. 55).

In response, the government argues that petitioner cannot show that her trial counsel's failure to challenge clear and longstanding Ninth Circuit precedent regarding the willfulness element in 18 U.S.C. § 1001 at trial rendered his performance constitutionally deficient. (ECF No. 71).

To prevail on a claim of ineffective assistance of counsel, a defendant must show deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

"First, the defendant must show that counsel's performance was deficient." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight. . . ." *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. To establish deficient performance, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

"Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.* at 694.

As to the first prong, petitioner argues that trial counsel's failure to object to the court's jury instructions regarding the proper definitions of the word "willful" set forth in 18 U.S.C. § 1001 was objectively unreasonable under prevailing professional norms in place at the time. (ECF No. 55 at 23). In particular, petitioner contends that trial counsel's reliance on the Model Rules Ninth Circuit Criminal Jury Instructions was objectively unreasonable. (ECF No. 55 at 27–29). Petitioner maintains that trial counsel should have objected to the jury instruction in light of authority in other circuits. (ECF No. 55 at 30).

In response, the government argues that the court's jury instruction was consistent with Ninth Circuit precedent *United States v. Tatoyan*, 474 F.3d 1174, 1182 (9th Cir. 2007), and with then-effective Ninth Circuit Model Jury Instruction 8.73. (ECF No. 71 at 7). The government asserts that over a year after the jury returned its verdict and about six months after petitioner was sentenced, the U.S. Solicitor General reached a conclusion, in *United States v. Ajoku*, 584 Fed. App'x 824 (9th Cir. 2014), that—contrary to Ninth Circuit precedent regarding § 1001—the

**James C. Mahan**
**U.S. District Judge**

- 4 -

"willfulness" element in § 1001 should require proof that the defendant acted with knowledge that her conduct was unlawful. (ECF No. 71 at 8). The government further asserts that on petitioner's appeal, the Ninth Circuit granted petitioner leave to file supplemental briefs addressing *Ajoku*. In affirming petitioner's convictions, the Ninth Circuit held that any error in the jury instruction was not "plain," because the court's jury instruction accurately stated Ninth Circuit law, both at the time of trial and to date. (*See* ECF No. 71 at 9).[1]

In light of the foregoing, the court finds that petitioner has not demonstrated that her trial counsel's performance fell below the *Strickland* standard of "reasonable professional judgment," or that trial counsel's failure to object to the jury instruction was "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. The jury instruction was consistent with Ninth Circuit precedent and then-effective Ninth Circuit Model Jury Instruction 8.73. *See, e.g.*, *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994) (holding that trial counsel "cannot be required to anticipate our decision in this later case, because his conduct must be evaluated for

---

[1] In fact, the Ninth Circuit has recently reiterated that *Ajoku* involved a conviction under 18 U.S.C. § 1035 and did not disrupt the well-established principle that 18 U.S.C. § 1001 requires only that the defendant act "deliberately and with knowledge." *United States v. Eglash*, 640 Fed. App'x 644, 646 (9th Cir. 2016) (internal quotation marks and citations omitted). The Ninth Circuit found, in relevant part, as follows:

> The district court did not commit plain error by failing to instruct the jury that a false statement under 18 U.S.C. § 1001 requires that the defendant act with knowledge that his conduct was unlawful. The court's ruling was not "contrary to the law at the time of appeal." *See Johnson v. United States*, 520 U.S. 461, 468, 117 S. Ct. 1544, 137 L.Ed.2d 718 (1997). Eglash's reliance on *Ajoku v. United States*, ⸺ U.S. ⸺, 134 S. Ct. 1872, 188 L.Ed.2d 905 (2014), is misplaced because that case involved a conviction under 18 U.S.C. § 1035, *see United States v. Ajoku*, 584 Fed. App'x 824, 824 (9th Cir. 2014) (on remand), and did not disrupt the well-established principle that 18 U.S.C. § 1001 requires only that the defendant act "'deliberately and with knowledge.'" *See, e.g., United States v. Mazzeo*, 592 Fed. App'x 559, 561–62 (9th Cir. 2015) (quoting *United States v. Tatoyan*, 474 F.3d 1174, 1182 (9th Cir. 2007)); *Tatoyan*, 474 F.3d at 1182. Further, the mass of evidence supporting the false statement conviction here persuades us that there is no "'reasonable probability that [any] error affected the outcome'" and prejudiced Eglash. *See United States v. Gonzalez–Aguilar*, 718 F.3d 1185, 1189 (9th Cir. 2013) (emphasis omitted) (quoting *United States v. Marcus*, 560 U.S. 258, 262, 130 S. Ct. 2159, 176 L.Ed.2d 1012 (2010)).

*Id.*

**James C. Mahan**
**U.S. District Judge**

purposes of the performance standard of Strickland 'as of the time of counsel's conduct'" (quoting *Strickland*, 466 U.S. at 690)).

As petitioner has failed to demonstrate prong one of her ineffective assistance of counsel claim, the court need not analyze prong two.

Accordingly, the court will deny petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 55).

### IV. Certificate of Appealability

Further, the court declines to issue a certificate of appealability. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)
> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>   (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

Under § 2253, the court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

**James C. Mahan**
**U.S. District Judge**

The court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that movant is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the court declines to issue a certificate of appealability.

## V. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner Tara Mazzeo's unopposed motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) (ECF No. 111) be, and the same hereby is, GRANTED. The instant order shall replace the court's previous order (ECF No. 111) entered on March 23, 2017.

IT IS FURTHER ORDERED that petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 55) be, and the same hereby is, DENIED.

DATED April 4, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**